UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
CANORA FAMILY, INC.,

                        Plaintiff,

                        06 CIV 15418 (CLB)

     - against -

                        *Memorandum & Order*

UNIVERSAL UNDERWRITERS
INSURANCE COMPANY,

                        Defendant.
--------------------------------------------------------x

Brieant, J.

      Before the Court in this diversity case for breach of insurance contract are motions for summary judgment (Doc. Nos. 6 & 10 by Defendant) (Doc. Nos. 11, 14, 15, 16 by Plaintiff). The case was removed on December 22, 2006, from the Supreme Court of the State of New York, County of Westchester. Oral argument was heard on June 15, 2007.

      The following facts are either undisputed or presumed true for purposes of these motions only. Plaintiff Canora Family, Inc., is a New York corporation that apparently owned and operated the Peekskill Lincoln Mercury Dealership at 1719 East Main Street, Peekskill, NY, and an adjoining strip mall. Defendant Universal Underwriters Insurance Company ("Universal") is a Kansas corporation.

      For some period of time, including the policy period from January 1, 2002 to January 1, 2003, Universal insured the entire premises containing the automobile dealership and the adjoining strip mall. By letter dated October 29, 2002, Defendant sent to Plaintiff a "Notice of

Cancellation/Non-Renewal," which stated that "your insurance will cease [on 1/1/03 at 12:01 a.m. Standard Time], pursuant to Section 3426 of the New York Consolidated Laws Service" because the portion of building at 1719 East Main Street location occupied by strip of stores not related to Auto Sales & Service business is "uninsurable with respect to Underwriting Guidelines."  *DX-A*.  There was no agent or broker, so notice was not provided to anyone other than the Plaintiff.  The notice was sent by certified mail and signed for by "C.Poccia" on November 5, 2002. *See Id.*

On or about December 6, 2004, twenty three months after the termination date of coverage of the strip mall portion was to be effective, and more than two years after notice of cancellation/non-renewal issued, the entire property was extensively damaged by fire.  Plaintiffs submitted a claim to Universal, seeking indemnification for all damages.  Universal reimbursed Plaintiffs approximately $2,500,000, for the  portion of the damages sustained as to the Auto Dealership portion of the premises, but has refused to provide coverage and make payment on the remaining strip-mall portion of the premises, prompting Plaintiff to commence this action.

Plaintiff claims that Defendant failed to strictly comply with §3426 of the New York Consolidated Laws by failure to properly cancel or non-renew the policy on the strip mall portion of the insured premises, and that under New York statutory law, the strip mall portion therefore remained insured through the date of the fire.  Specifically, Plaintiff claims, and Defendant denies, that a second notice of cancellation or non-renewal was required.  Defendant doesn't dispute that it did not send a second notice of cancellation or non-renewal, but disputes

that any such second notice was needed.  Plaintiff relies on Section 3426(e)(1)(C) of the New York Insurance Law, which Defendant claims has nothing to do with this non-renewal.

It should be noted that the parties have not provided any written submissions as to a change or reduction in the premium after the effective date on the notice, and during oral argument on the motion no clear proffer as to a change in premium was made.

*Discussion*

The standards for granting summary judgment are well established.  Our Court of Appeals has held:

> An insurance policy, like any contract, must be construed to effectuate the intent of the parties as derived from the plain meaning of the policy's terms. *See Dicola v. American S.S. Owners Mut. Protection & Indem. Ass'n, Inc. (In re Prudential Lines Inc.)*, 158 F.3d 65, 77 (2d Cir. 1998).  If the language of the insurance contract is unambiguous, we apply its terms. Where its terms are reasonably susceptible to more than one interpretation, the policy must be regarded as ambiguous.

*Andy Warhol Found. for the Visual Arts, Inc. v. Federal Ins. Co.*, 189 F.3d 208, 215 (2d Cir. 1999).  In this case, the insurance policy in effect at the time of the fire damage is not ambiguous, and can be plainly read to cover the "Auto Dealer Portion Only" and "Auto Dealer Portion of Strip Mall Only." *See DX-D.*  Plaintiff relies on an alleged failure to provide proper notice. "It is settled that insurance cancellation or nonrenewal notice requirements are strictly construed against the insurer." *See e.g. Zeman v. Zack Agency, Inc.*, 75 A.D.2d 261, 264 (2nd Dep't. 1980).

The New York Insurance Law §3426 provides in relevant part:

(e) (1) A covered policy shall remain in full force and effect pursuant to the same terms, conditions and rates unless written notice is mailed or delivered by the insurer to the first-named insured, at the address shown on the policy, and to such insured's authorized agent or broker, indicating the insurer's intention:

    (A) not to renew such policy; or

    (B) to condition its renewal upon change of limits, change in type of coverage, reduction of coverage, increased deductible or addition of exclusion, or upon increased premiums in excess of ten percent (exclusive of any premium increase generated as a result of increased exposure units, pursuant to subsection (d) of this section, or as a result of experience rating, loss rating, retrospective rating or audit), except that with respect to an excess liability policy, the insurer may also, consistent with regulations promulgated by the superintendent, condition its renewal upon requirements relating to the underlying coverage, in which event the conditional renewal notice shall be treated as an effective notice of nonrenewal if such requirements are not satisfied as of the later of the expiration date of the policy or sixty days after mailing or delivery of such notice; or

    (C) that the policy will not be renewed or will not be renewed upon the same terms, conditions or rates; such alternative renewal notice must be mailed or delivered on a timely basis and advise the insured that a second notice shall be mailed or delivered at a later date indicating the insurer's intention as specified in subparagraph (A) or (B) of this paragraph and that coverage shall continue on the same terms, conditions and rates as the expiring policy, until the later of the expiration date or sixty days after the second notice is mailed or delivered; such alternative renewal notice also shall advise the insured of the availability of loss information pursuant to subsection (g) of this section and, upon written request, the insurer shall furnish such loss information within [fig 1] ten days consistent with the provisions of such subsection.

    As earlier noted, Plaintiff relies on Section 3426(e)(1)(C), which requires that when an "alternative renewal notice" is given to an insured (i.e., one that does not fall under subparagraphs (A) or (B)) then the notice is to "advise the insured that a second notice shall be mailed or delivered at a later date indicating the insurer's intention as specified in subparagraphs (A) or (B)."

    Plaintiff claims that it is at least ambiguous as to whether the notice sent constituted a:

notice of cancellation; a notice of nonrenewal or a conditional renewal, or a policy which will not be renewed upon the same terms, conditions or rates.  The Court disagrees.  The notice states explicitly on its face that the "Type of Termination" is "Non-Renewal," that the "Property [is] uninsurable with respect to Underwriting Guidelines," and that this non-renewal "[r]efers to [the] portion of building at 1719 East Main Street location occupied by strip of stores not related to Auto Sales & Service business." *DX-A*.  This notice clearly changes the terms and extent of coverage and constitutes "a change in type of coverage" as covered by Section 3426(e)(1)(B), which does not require second notice.  Accordingly, summary judgment in favor of Defendant is appropriate.[1]

The Court also notes that even if the notice were inadequate, the 2003 and 2004 policies and several subsequent policy declarations made clear that only the auto dealership portion of the premises was covered.  On January 1, 2003, Defendant issued to Plaintiff a new insurance policy for the year January 1, 2003 to January 1, 2004, which sets forth in "Item 2 Named Insured and Type /Location" that the "auto sales & service auto dealer portion only" was covered, and sets forth in "Item 3" under the "Building" section, "auto dealer portion of strip mall only." *See DX-B.* The same limiting verbiage was set forth in the policy for the year from January 1, 2004 to January 1, 2005.  On about January 15, 2003, the 2003-2004 policy was modified and the same limiting verbiage was used.  *See DX-C.*  The following year the 2004-2005 policy was twice revised (in March and August of 2004) the new policy Declarations issued each time using the

---

[1] This being so, the five subsequent mailings in the case prior to the fire should each qualify as a second alternate notice under Subsection (C), were that section regarded as applicable, which it is not.

same limiting verbiage. *See DX-E; DX-F*.  While Leonard Canora, the General Manager of Canora Lincoln Mercury, Inc., avers that he regularly reviewed the mail received and does "not recall receiving" the several declarations issued after modifications, he does not dispute the language contained within the policies themselves.  A commercial insured cannot expect to benefit from disregarding the limiting coverage language contained within the two subsequent annual policies.

On the basis of its inadequate notice argument, Plaintiff asks the Court "to find, consistent with the statute, that a notice that fails to comply with the statute, necessarily compels coverage to continue without restriction." *Pl's. Memo at 9.*  Defendant argues, and the Court agrees, that the "plaintiff could not, in law or in equity, be entitled to insurance [without payment] forever because of a deficiency in a non-renewal notice." *Def. Memo at 5.*  While Plaintiff argues that it doesn't seek "insurance forever," it suggests no legitimate extent to which a Court could order that imperfect notice should result in continued coverage, except to say that Plaintiff should "be entitled to the benefits of a policy that defendant has not terminated within the strict requirements of the insurance law." *Pl's. Memo at 10.*  In *Zeman v. Zack Agency*, *supra,* the Appellate Division of the Supreme Court of New York expressed concern over just such a prospect.  The Court found that an insurer was liable, even in the absence of premium payments, where no notice of nonrenewal of a personal lines insurance was sent to the homeowners on their three-year policy that expired fourteen months before the fire.  The Court took care to explain:

> In this case, the fire which gave rise to the insurance claim occurred only 14 months after the alleged expiration of the policy and the occurrence of the fire was well within the

>period of a policy renewal. But we would be far more concerned about such holding had the fire occurred more than three years after the expiration date of the policy. That would require a finding of successive "automatic" renewals despite many years of nonpayment of premiums. We would be confronted with a sort of "perpetual coverage" situation, which would appear to be unreasonable.

*Zeman*, 75 A.D.2d at 267.

In this case involving commercial lines and not personal lines coverage, there was a notice of non-renewal, the policy term was one year, the event occurred after the full elapsing of one term and toward the end of a second term, and even if the notice of nonrenewal were interpreted to fall under the category of alternative notices requiring a second notice, the Court would not find successive automatic renewals providing perpetual coverage, such that the policy remained in effect for at least two subsequent policy periods, as Plaintiff argues it should.

The Court has considered the several supplemental arguments raised by Plaintiff and finds them to be without merit. Defendant's motion (Doc. Nos. 6 & 10) for summary judgment granted. Plaintiff's motion (Doc. Nos. 11, 14, 15, 16 ) denied. The Clerk shall file a final judgment.

X

                        X

                                    X

SO ORDERED.

Dated: White Plains, NY
       June 20, 2007

                                                   *Charles L. Brieant*
                                        Charles L. Brieant, U.S.D.J.